UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BRITTANY N. JONES,<br>a/k/a Brittany N. Finch,<br>　　　　　　　　　Plaintiff,<br>　v.<br>CATTARAUGUS-LITTLE VALLEY CENTRAL<br>SCHOOL DISTRICT,<br>　　　　　　　　　Defendant. | **DECISION**<br>**and**<br>**ORDER**<br><br>**19-CV-707WMS(F)** |

_____

APPEARANCES:　　　　　THE CLARKE FIRM
　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　ANTHONY V. CLARKE, of Counsel
　　　　　　　　　　　　204 Bolivar Drive
　　　　　　　　　　　　Bradford, Pennsylvania   16701

　　　　　　　　　　　　HODGSON RUSS LLP
　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　JULIA M. HILLIKER,
　　　　　　　　　　　　PATRICK J. HINES,
　　　　　　　　　　　　ALEXANDRA N. ROWEN, of Counsel
　　　　　　　　　　　　The Guaranty Building
　　　　　　　　　　　　140 Pearl Street, Suite 100
　　　　　　　　　　　　Buffalo, New York   14202


　　　　In this diversity action based on Defendant's alleged negligent hiring and retention of one of Plaintiff's former teachers who sexually assaulted and harassed Plaintiff while she was an under-age student, for which Plaintiff's teacher was convicted of third degree rape, at one of Defendant's schools located in Olean, New York, Plaintiff seeks $25 million for, *inter alia*, loss of enjoyment of daily living activities, past earnings, and reduced future earning capacity, and Plaintiff's expenses for further medical and psychological services and treatment.  By papers filed October 5, 2021, Defendant moves to compel Plaintiff's production of documents in response to Defendant's Fourth

Request for Production of Documents, Dkt. 43-7, served on June 3, 2021, requesting Plaintiff's wage and earnings records for the period commencing with Plaintiff's high school graduation through the present date, October 2021, signed authorizations to obtain Plaintiff's income tax records from the IRS and Plaintiff's earnings records from Social Security, Plaintiff's treatment records from WMG Rothsville Family & Pediatric Medical and WellSpan Health Center, signed authorizations in the form required for Dr. Thalia Moshos's treatment records for Plaintiff, authorization to obtain Plaintiff's records from the New York State Office of Victim Services, and responses to Defendants' Third (Dkt. 43-5) and Fourth Requests for Production of Documents (Dkt. 43-7) ("Defendant's motion").

In response, Plaintiff states that Plaintiff has previously provided responsive documents and authorizations and that Plaintiff's counsel has forwarded all authorization forms still required by Defendants to Plaintiff for Plaintiff's signature. (Dkt. 47 ¶¶ 5-13). Plaintiff does not, however, further dispute Defendant's assertion that Plaintiff's prior responses were incomplete.

In Defendants' Reply, Defendant withdraws its request for Plaintiff's authorization to obtain Plaintiff's Social Security records. Dkt. 48 ¶ 3. Defendant, however, reiterates Defendant's production demands which Plaintiff has failed to provide including the demands for a list of Plaintiff's employers as to which Defendant seeks Plaintiff's earnings records. *See* Dkt. 48 ¶¶ 4-8.

It is basic that where a party has failed to provide relevant documents a party may be compelled by the court to do so and a party's failure to comply will subject the recalcitrate party to sanctions including a moving party's expenses in bringing the

motion to compel pursuant to Fed.R.Civ.P. 37(a)(3), *see* Fed.R.Civ.P. 37(a)(5) (providing that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."), as well as sanctions including precluding a party from offering evidence in support of the party's claims at trial in accordance with Rule 37(b)(1)(2).  *See Sentry Insurance a Mutual Company v. Weber*, 720 Fed.Appx. 639, 640 (2d Cir. 2017) (holding district court did not abuse discretion by precluding, as a discovery sanction, the defendants from offering in support of summary judgment motion evidence in opposition to the plaintiff's claims where the defendants engaged in willful, bad-faith discovery conduct, monetary sanctions repeatedly were ineffective to secure compliance with multiple court orders compelling discovery, the judge repeatedly warned further noncompliance could result in severe sanctions, and the outstanding documents were relevant to the plaintiff's claims); *see also Cole-Hoover v. United States*, 2017 WL 1425617, at * 4 (W.D.N.Y. Apr. 21, 2017) (dismissing the plaintiff's case as a sanction for, *inter alia*, the plaintiff's failure to comply with court-ordered discovery).  Here, Plaintiff does not object to Defendant's requests as irrelevant or unduly burdensome; instead, Plaintiff's attorney states only that Plaintiff has been provided with Defendant's requests but so far has failed to comply, *see* Dkt. 47 ¶ 13.  Defendant's requests are obviously necessitated to enable Defendant to oppose Plaintiff's request for substantial damages based on Plaintiff's alleged loss of earning capacity and her need for significant long-term mental health treatment.  Accordingly, the court finds Plaintiff is in default of Plaintiff's

outstanding obligations to provide documents, including Defendant's requested authorizations.  *See Fox v. Poole*, 2007 WL 2572104 at * 13 (W.D.N.Y. Aug. 31, 2007) (ordering the plaintiff "to execute a full medical authorization provided by defendants" which was necessary to give the defendants access to the plaintiff's medical records so as to respond to the plaintiff's allegations regarding medical conditions placed in issue by the plaintiff).

Plaintiff's responses shall include verifications for each of Plaintiff's answers to Defendant's interrogatories, *see* Dkt. 43-7 ¶¶ 13, 14 (referencing Plaintiff's Interrogatories Responses dated June 9, 2020, and October 1, 2020), in conformity with Fed.R.Civ.P. 33(b).  *See In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 485 (2d Cir. 2013) (if signature of answering party is not under oath, it does not satisfy Rule 33(b)).  If Plaintiff's response asserts Plaintiff does not have possession, custody, or control of responsive documents, Plaintiff's response shall also include an affidavit describing, with reasonable particularity, all locations of potentially responsive documents in fact searched by Plaintiff.  *See Wilson v. Town of Cheektowaga*, 2021 WL 195348, at *3 (W.D.N.Y. Jan. 20, 2021) (under Rule 34(a), a requested party must engage in a reasonably diligent search for all responsive documents); *see also In re Terrorist Attacks on September 11, 2001*, 2018 WL 3387494, at * 6 (S.D.N.Y. July 11, 2018) (court has discretion to require that responding party describe party's search efforts for responsive documents).

## CONCLUSION

Based on the foregoing, Defendant's motion is GRANTED. Plaintiff shall provide all requested documents in response to Defendant's outstanding requests, including Plaintiff's sworn answers to Defendant's interrogatories, in accordance with this Decision and Order within 45 days. Plaintiff's attorney shall forward a copy of this Decision and Order to Plaintiff. In forwarding a copy of this Decision and Order to Plaintiff, along with a copy of Defendant's motion papers, Dkts. 43 and 48, Plaintiff's attorney shall advise Plaintiff, in writing, that Plaintiff's failure to comply with the court's order may seriously jeopardize Plaintiff's ability to support Plaintiff's damage claims at trial. Plaintiff shall show cause within 30 days of this Decision and Order why Defendant's expenses, including reasonable attorneys fees, should be not awarded to Defendant as required by Rule 37(a)(5)(A).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  January 12, 2022
         Buffalo, New York